IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DAVID ZUSSMAN, | § | |
| PLAINTIFF, | § | |
| V. | § | |
| | § | |
| CITIBANK, N.A., | § | A-23-CV-489-JRN |
| DEFENDANT. | § | |

**ORDER AND REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

TO THE HONORABLE JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE:

Before the court is Defendant Citibank, N.A.'s Opposed Motion to Compel Arbitration of Plaintiff's Claims and Stay Proceedings (Dkt. 27), Plaintiff's Motion to Determine Sufficiency of Defendant's Objections (Dkt. 28), Plaintiff's Motion to Compel (Dkt. 29), Defendant's Motion for Protective Order (Dkt. 42), and Plaintiff's Motion to Compel (Dkt. 48), and all related briefing.[1] Having reviewed the pleadings, the relevant case law, as well as the entire case file, and determined that oral arguments are not necessary, the undersigned issue the following Order and submits the following Report and Recommendation to the District Court.

## I.   BACKGROUND

Plaintiff David Zussman filed this lawsuit against Defendant Citibank, N.A. asserting claims for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, and the Texas Debt Collection Practices Act, and for defamation. *See* Dkt. 1 (Compl.). Zussman claims a fraudster used of some of his personal identifiable information to apply for a Citibank AA

---

[1] The motion to compel arbitration was referred by United States District Judge James R. Nowlin to the undersigned for a Report and Recommendation as to the merits pursuant to 28 U.S.C. § 636(b), Rule 72 of the Federal Rules of Civil Procedure, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. Dkt. 50. The remaining motions were referred for disposition pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *Id.*

Advantage Platinum Select World Elite Mastercard account ("Fraud Account") in his name and without his knowledge or consent. *Id*. ¶ 2. Zussman alleges Citibank improperly reported the Fraud Account to credit reporting agencies, even after he alerted Citibank to the fraudulent activity. *Id*. ¶¶ 5-7, 22-38.

Citibank moves to compel Zussman to arbitrate the dispute. Citibank contends Zussman has another credit card account with Citibank ("Costco Account"), which contains an arbitration provision. Citibank argues that arbitration provision applies here because Zussman has sought discovery in this matter from Citibank related to the Costco Account. Zussman argues the arbitration provision does not apply because the Costco Account is not the account at issue here.

Citibank has also moved to stay all discovery pending the court's resolution of its motion to compel arbitration. Zussman has moved to compel various aspects of discovery. The undersigned will first address the motion to compel arbitration.

## II.   APPLICABLE LAW

When a party seeks to compel arbitration based on a contract, the first question for the court is whether there is an arbitration agreement between the parties at all. *Arnold v. Homeaway, Inc.*, 890 F.3d 546, 550 (5th Cir. 2018) (citing *Kubala v. Supreme Prod. Servs., Inc.*, 830 F.3d 199, 201-02 (5th Cir. 2016)). The second question is whether the claim presented is covered by the arbitration agreement. *Brittania-U Nigeria, Ltd. v. Chevron USA, Inc.*, 866 F.3d 709, 713-14 (5th Cir. 2017).

## III.   ANALYSIS

The Costco Account arbitration provision states: "You or we may arbitrate any claim, dispute or controversy between you and us <u>arising out of or related to your Account</u>, a previous related Account or our relationship (called 'Claims')." Dkt. 27-1 at 19 (emphasis added).

Citibank argues the arbitration provision is valid, enforceable, and covers Zussman's claims. Zussman only disputes whether the Costco Account arbitration provision covers his claims.

Citibank argues Zussman has served written discovery on Citibank seeking information on any accounts other than the Fraud Account that he may have with Citibank. *See* Dkt. 27-1 at 35 (RFA 17, 18), 41-43 (RFP 2, 4, 7, 26, 30), 47 (30(b)(6) topics 8, 14). Based on this, Citibank contends Zussman intends to use the Costco Account to prove his claims in this case. Accordingly, Citibank argues Zussman's claims arise out of or are related to his Costco Account.

Zussman argues his claims here do not arise out of his Costco Account because his claims would exist regardless of whether the Costco Account exists. But his own arguments demonstrate his claims relate to the Costco Account:

> At the time Defendant opened the Fraud Account, Plaintiff had already been Defendant's longstanding customer on several other accounts including a Costco credit card account ending in 9715 ("Costco Account") that had been opened for many years. Defendant knew, or should have known, who Plaintiff was and details of his address, phone number, email address, spending habits, and other information when it recklessly permitted the fraudster to open the Fraud Account in his name using non-matching information that should have been a red flag.

Dkt. 35 at 2. Thus, Zussman's claims *do* relate to the Costco Account. Accordingly, the court will recommend Citibank's motion to compel arbitration be granted and the case be stayed pending arbitration.

### IV.     ORDER ON REMAINING MOTIONS

In light of the court's recommendation that this case be sent to arbitration, the court **GRANTS** Defendant's Motion for Protective Order (Dkt. 42) and **DENIES** Plaintiff's Motion to Determine Sufficiency of Defendant's Objections (Dkt. 28), Plaintiff's Motion to Compel (Dkt. 29), and Plaintiff's Motion to Compel (Dkt. 48).

## V.  RECOMMENDATION

The undersigned **RECOMMENDS** the District Court **GRANT** Defendant Citibank, N.A.'s Opposed Motion to Compel Arbitration of Plaintiff's Claims and Stay Proceedings (Dkt. 27) and **STAY** the case.

## VI.  OBJECTIONS

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battles v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(en banc).

SIGNED  December 21, 2023.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE